**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONNA MURPHY, | ) | |
| 10136 Douglass Court | ) | |
| St. Ann, Mo 63074 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | Division No. |
| | ) | |
| ALLIED DATA CORP, | ) | |
| 13111 Westheimer, 4TH Floor | ) | |
| Houston, TX 77077 | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

DONNA MURPHY (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against the ALLIED DATA CORP (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that   such actions may be brought and heard before "any appropriate United States   district   court without regard to the amount in controversy,"

3. Because Defendant conducts business in the state of Missouri, personal jurisdiction is established.

4.  Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

5.  Plaintiff is a natural person who resides in St. Ann, St. Louis County, Missouri, and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

6.  According to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

8.  Defendant is a collection agency with an office in Houston, Texas.

9.  Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is  defined by *15 U.S.C. § 1692a(6)*.

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12.  Defendant contacts Plaintiff's cell phone and requests return phone calls to its telephone number 1-800-275-7176

13. Defendant fails to disclose its identity when contacting Plaintiff. (See Exhibit A)

14. Defendant fails to disclose that they are a debt collector attempting to collect a debt. (See

Exhibit A)

15. Defendant threatened to take legal action against Plaintiff by requesting to speak with Plaintiff's attorney and/or requesting Plaintiff's attorney contact Defendant to give a "statement". (See Exhibit A)

16. To the best of Plaintiff's knowledge and belief no lawsuit has been filed by Defendant against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

a. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of its identity.

b. Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of a debt.

c. Defendant violated *§1692e(5)* of the FDCPA by threatening to legal action against Plaintiff even though Defendant does not intend to take such action.

d. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that it was a debt collector.

e. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt

collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, DONNA MURPHY, respectfully requests judgment be entered against Defendant, ALLIED DATA CORP for the following:

18. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

20. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,

By:/s/ Adam C. Maxwell
[ ] Adam C. Maxwell
 Bar No: 5249607
Attorney for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602
(312) 578-9428
e-mail: amaxwell@consumerlawcenter.com


VERIFIED COMPLAINT                                                                          4

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DONNA MURPHY, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI)

Plaintiff, DONNA MURPHY, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DONNA MURPHY hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

7-20-2010
Date

DONNA MURPHY

VERIFIED COMPLAINT                                                                6

**<u>EXHIBIT A</u>**

Thursday, 1:11 p.m.

This message is intended for Donna Murphy.  Ms. Donna Murphy, I need to
discuss a very important matter with you.  It is very important that I talk
with you regarding 11567326.  This ID number is attached to your name, your
social security number, so I do need to speak with either you or your
attorney at this time, so please give me a call back at 1-800-275-7176.  My
extension is 3448.  Thank you and have a good day.

Friday, 11:27 a.m.

Hello, this is Allied Data Corporation.  This is not a sales or solicitation
call a brief statement is need from you.  We need to speak with you or your
legal representative.  Call 1-800-275-7176, extension 610.  Again the number
is 1-800-275-7176.